By the Court.—Ingraham, J.
The complaint alleged a sale of goods to the defendants. The answer failed to deny any allegation of the complaint and set *18 up as a special defence a breach of warranty, and asked to deduct the damages sustained by reason of« such breach from the amount due to plaintiffs.
On the trial the defendants assumed the affirmative. The point was not made on the trial, nor was it taken on this appeal that the affirmative defence was a counterclaim and admitted because of the failure of the plaintiffs to reply.
The plaintiffs were, therefore, entitled to a direction of a verdict in their favor unless the defendants proved their affirmative defence set up in the answer, and at the close of the evidence offered by the defendants, plaintiffs asked that a verdict be directed for the amount claimed. This motion we think should have been granted.
There was no evidence to sustain the defence. The person who represented the plaintiffs at the sale did not warrant the eggs as good or of any particular quality. He expressed his opinion as to the quality of the eggs but it was nothing more than an opinion. What he said was “ That they were a nice lot of eggs,” and “you will lose hardly anything out of a case of eggs.”
The defendants’ representative examined the eggs himself and purchased them upon such examination, and there being no express warranty the rule caveat emptor applies.
As it was the duty of the court to direct a verdict in favor of the plaintiffs, the fact that the jury would not have rendered such a verdict without such a direction is no reason to disturb such a verdict when rendered, and the incident that happened at the end of the trial was immaterial.
The judgment and order appealed from should be affirmed, with costs.
Sedgwick, Ch. J., and Freedman, J., concurred.